UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JEFFERSON TYUS,

    Plaintiff,

v.                                       Case No. 3:15cv374/MCR/CJK

FORSTER & HOWELL d/b/a
GROCERY OUTLET,

    Defendant.
_____/

<u>ORDER and</u>
<u>REPORT AND RECOMMENDATION</u>

This matter is before the undersigned upon referral from the district judge (docs. 62, 67). This is an employment case in which plaintiff asserts claims for age and disability discrimination against his former employer, Grocery Outlet, based on a substantial reduction in hours following an alleged on-the-job back injury. Before the court is defendant's Corrected Motion to Dismiss for Fraud on the Court (doc. 44), plaintiff's response (doc. 51), Plaintiff's Motion to Strike Belatedly Disclosed Witness, Michael Haines (doc. 45), and defendant's response (doc. 52).

Defendant's Motion to Dismiss

Through this motion, defendant seeks dismissal of plaintiff's complaint, urging that plaintiff failed to disclose certain witnesses and produced false testimony. Defendant characterizes these matters as fraud on the court and alleges they hampered its defense. Specifically, defendant argues plaintiff was obligated to disclose the identity of his former co-workers at Save-A-Lot, a grocery store at which plaintiff worked simultaneous to and following his employment with defendant, including Michael Haines, plaintiff's former supervisor at Save-A-Lot. Haines, says defendant, offered deposition testimony that contradicted that of plaintiff.[1] Although plaintiff testified he quit his job at Save-A-Lot, Haines testified plaintiff was terminated for incompetency. Defendant also complains plaintiff failed to disclose the medical professionals who treated him for his alleged disability and who gave orders regarding his return to work, as well as the employee to whom he reported his worker's compensation claim.

In response, plaintiff argues he was not required to disclose Haines or any other co-workers as potential witnesses because any information they have is irrelevant as it pertains solely to plaintiff's performance at Save-A-Lot. Plaintiff also points out

---

[1] Defendant purports to have learned about Haines' involvement with plaintiff by coincidence after it employed Haines subsequent to Haines' employment at Save-A-Lot.

Case No. 3:15cv374/MCR/CJK

that before defendant filed its motion, plaintiff's counsel informed counsel for defendant that plaintiff intended to voluntarily dismiss the claim for actual disability, rendering medical evidence irrelevant. After defendant filed the present motion, plaintiff informed defendant of his intent to dismiss the worker's compensation retaliation claim, making evidence pertaining to his injury inconsequential. Even if the claims remained, according to plaintiff, defendant had numerous opportunities to inquire into such matters throughout the course of discovery and failed to do so. Finally, to the extent defendant points out inconsistencies between the allegations in plaintiff's complaint and plaintiff's deposition testimony, plaintiff maintains such discrepancies simply constitute disputed issues of material fact, which would be resolved in plaintiff's favor for summary judgment purposes, not fraud. Plaintiff requests that defendant's motion be denied and that he be awarded attorneys' fees "for this vexatious filing and multiplicity of the proceedings under 28 U.S.C. § 1927." Doc. 51 at pg. 2-3.

    Defendant relies on Fed. R. Civ. P. 26(a)(1)(A)(i) in support of its argument plaintiff had an obligation to disclose the identity of any witness who has knowledge of any matter pertaining to plaintiff's claims or defendant's defenses, including Haines, other co-workers, and the medical professionals who treated plaintiff for his

alleged disability.  Counsel, however, may not have read the entire rule.  Rule 26(a)(1)(A)(i) requires disclosure of "each individual likely to have discoverable information . . . *that the disclosing party may use to support its claims or defenses*, unless the use would be solely for impeachment." (emphasis added).  Plaintiff, therefore, was not obligated to disclose any witness he did not intend to use to support his claims.  In other words, contrary to defendant's assertion, the rule does not require disclosure of everyone in the world who may have discoverable information.  If defendant wished to ascertain the identities of undisclosed witnesses who might have relevant information, counsel could have inquired into such using the normal vehicles of discovery.

Defendant also seeks dismissal based on a claim plaintiff gave false testimony regarding the circumstances of being "banned" from defendant's premises.  The incident in question occurred after plaintiff resigned from Grocery Outlet.  In his amended complaint, plaintiff alleges his entire family was banned; in his deposition, plaintiff testified he was banned.  According to defendant, plaintiff – and plaintiff alone – was "trespassed" after he created a disturbance at Grocery Outlet while shopping there under the influence of alcohol.

As plaintiff argues, conflicting testimony regarding plaintiff being banned from defendant's premises frames disputed issues of fact, not fraud. If plaintiff testified falsely, defendant can use that fact for impeachment purposes at trial. But any such disputed allegations do not constitute "some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense," as defendant urges. Doc. 44 at pg. 12 (*quoting Vargas v. Peltz*, 901 F. Supp. 1572, 1579 (S.D. Fla. 1995)). Indeed, the Eleventh Circuit explained that

> [f]raud on the court constitutes only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases. *Perjury and fabricated evidence do not constitute fraud upon the court*, because they are evils that can and should be exposed at trial, and "[f]raud on the court is therefore limited to the more egregious forms of subversion of the legal process, . . . those we cannot necessarily expect to be exposed by the normal adversary process.

*Council v. Am. Fed'n of Gov't Employees (AFGE) Union*, 559 F. App'x 870, 873 (11th Cir. 2014) (internal marks and citations omitted) (emphasis added). The conduct of which defendant complains plainly does not constitute a fraud on the

Case No. 3:15cv374/MCR/CJK

court.

Plaintiff's Motion to Strike

Through this motion, plaintiff asks the court to exclude Haines' testimony pursuant to Fed. R. Civ. P. 37(c) because he was not timely disclosed as a potential witness. Plaintiff further contends defendant provided misleading information about Haines' knowledge, impeding his counsel's ability to adequately prepare for Haines' deposition, and that any testimony Haines provided would be irrelevant.[2]

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), "a party must, without awaiting a discovery request, provide to the other parties . . . the name . . . of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses . . . ." *Id.* "A party must make its initial disclosures based on the information then reasonably available to it." Fed. R. Civ. P. 26(a)(1)(E). Notably, "[a] party is not excused from making its disclosures because it has not fully investigated the case . . . ." *Id.* As this court has noted, "'[t]he federal discovery rules place a duty on a party to turn over not

---

[2] According to plaintiff, counsel for the defendant advised plaintiff's counsel that defendant wanted to set Haines for deposition and that Haines was an assistant manager at Grocery Outlet who had knowledge regarding plaintiff's work performance there. Defendant subsequently served amended initial disclosures, identifying Haines as a witness but neglecting to state what knowledge he had. Defendant also failed to clarify that Mr. Haines was a manager, not an assistant manager.

only proper materials of which he is aware, but also those of which he reasonably *ought* to have been aware.'" *Beckford v. James*, Case No. 5:14cv351-MW-GRJ, doc. 35 at pg. 2 (N.D. Fla. Oct. 27, 2015) (*quoting Arthur v. Atkinson Freight Lines Corp.*, 164 F.R.D. 19, 20 (S.D.N.Y 1995)). Moreover, "[a] party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ."

According to Fed. R. Civ. P. 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Id.* "In determining whether the failure to disclose was justified or harmless, [the court] consider[s] the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted." *Lips v. City of Hollywood*, 350 F. App'x 328, 340 (11th Cir. 2009) (*citing*

*Romero v. Drummond Co.*, 552 F. 3d 1303,1321 (11th Cir. 2008)). A district court decision on this issue is reviewed for abuse of discretion. *Id.*

Here, defendant claims it did not disclose Mr. Haines until shortly before the discovery deadline because it was not aware of Mr. Haines or the information he possessed until then. Defendant faults plaintiff for its lack of knowledge in that regard. As discussed above, however, plaintiff was not required to disclose Mr. Haines as a witness. In addition, defendant was aware of plaintiff's employment at Save-A-Lot. Counsel could have inquired further regarding such employment, including the names of plaintiff's supervisors and co-workers. Instead, defendant did not utilize discovery to confirm the facts concerning plaintiff's departure from Save-A-Lot. *See Romero*, 552 F. 3d at 1322 (affirming exclusion of evidence under Rule 37(c)(1) where "failure to disclose was based in part on [party's] own lack of diligence.").

Defendant has not provided any good explanation for its delay in disclosing Mr. Haines as a witness. As to the next factor a court must consider, one struggles to discern how Haines' testimony has other than peripheral bearing on plaintiff's claims, which stem entirely from his employment at Grocery Outlet. At the same time, though, such testimony could be prejudicial to plaintiff, particularly considering

that the time in which to locate, depose, and designate rebuttal witnesses has passed. Defendant was aware of the substance of Haines' testimony. In fact, immediately prior to Haines' deposition, defendant's counsel advised plaintiff's counsel that he believed the day's testimony would be very beneficial to defendant. He later characterized Haines' testimony as "extremely damning" – presumably because of the negative light in which it would cast plaintiff. For all of these reasons, the undersigned finds defendant's failure to timely disclose Haines neither justified nor harmless.

    Accordingly, it is hereby ORDERED:

    1.    That Plaintiff's Motion to Strike Belatedly Disclosed Witness, Michael Haines (doc. 45), be GRANTED to the extent indicated below. Defendant shall have the option, election of which must be communicated to the plaintiff and court within seven (7) days from the date of this order, to either 1) consent to striking Mr. Haines as a witness at trial, or 2) to agree to re-open discovery for a period of thirty (30) days to allow plaintiff an opportunity to re-depose Mr. Haines and designate any rebuttal witness plaintiff deems advisable, with time for defendant to depose such witnesses. Should defendant elect the latter option, it shall be required to reimburse plaintiff reasonable costs and expenses, including attorney's fees, incurred in connection with

the additional discovery necessitated by the late disclosure.

And it is respectfully RECOMMENDED:

1.   That defendant's Corrected Motion to Dismiss for Fraud on the Court (doc. 44) be DENIED.[3]

At Pensacola, Florida, this 8th day of August, 2016.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  See U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[3] At this time, the undersigned declines to impose sanctions requested by plaintiff under 28 U.S.C. § 1927, despite the seemingly ill-advised nature of the motion to dismiss, and its numerous gratuitous references to irrelevant, yet arguably inflammatory, facts in what might be taken as an effort to arouse bias against plaintiff.  Plaintiff, however, may renew his request for sanctions, with proper citation to legal authority and a request for an evidentiary hearing, within fourteen (14) days from the date of the order adopting this Report and Recommendation.  *See Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F. 3d 1230 (11th Cir. 2006).

Case No. 3:13cv624/MCR/CJK